IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHARLES I. IKEKWERE, | § | |
|     Plaintiff, | § | |
| v. | § | CIVIL ACTION NO.:   1:cv-15-418 |
| | § | |
| JACOB LEW, Secretary | § | |
| DEPARTMENT OF THE TREASURY | § | |
|     Defendant | § | JURY DEMAND |

## PLAINTIFF'S ORIGINAL COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, Title I of the Civil Rights Act of 1991 ("Title VII"), and Rehabilitation Act of 1973, Section 501, as amended to correct unlawful employment practices on the basis of his national origin, Nigerian; his color, Black; and his disability, and was subjected to a hostile work environment on those three bases; was not given a reasonable accommodation; and was terminated in retaliation for having engaged in a protected activity, and to provide appropriate relief to Charles I. Ikekwere who was adversely affected by such practices.

Plaintiff, Charles I. Ikekwere, alleges that he was subjected to unlawful discrimination based on his national origin, Nigerian; his color, Black; his disability; denied a reasonable accommodation within Agency guidelines; and was terminated in retaliation for having engaged in a protected activity when Defendant, Department of the Treasury, Internal Revenue Service (hereinafter "the Agency" or "Defendant") allowed his supervisor and coworkers to make derogatory remarks about him on the basis of his race and color, Black, and his national origin, Nigerian, creating a hostile work environment; denying Plaintiff a level increase on the basis of his color and race, Black and national origin, Nigerian; denying Plaintiff a reasonable accommodation based on his disability; and

2

terminating Plaintiff in retaliation for having complained of Defendant's discriminatory conduct.

## II. JURISDICTION AND VENUE

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 501 of the Rehabilitation Act of 1973, as amended, which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

Plaintiff is bringing this suit in the Western District of Texas, Austin Division pursuant to 42 U.S.C. §2000e-5(f)(3) which allows the Plaintiff to bring suit in any judicial district within the State in which the unlawful employment practice is alleged to have been committed.

## III. PARTIES

1.    Plaintiff, CHARLES I. IKEKWERE is a former civilian employee of the Department of the Treasury and Internal Revenue Service, and is currently a resident of San Jose, Santa Clara County, California.

2.    Defendant, DEPARTMENT OF THE TREASURY, is a federal agency and may be served with process by serving its department head, Jacob Lew, Secretary, Department of the Treasury, 1500 Pennsylvania Ave., NW, Washington, D.C. 20220, the Attorney General of the United States, Loretta E. Lynch, Department of Justice, 950 Pennsylvania Ave. N.W., Washington, D.C. 20530-0001, and Robert Pitman, U.S. Attorney, Western District of Texas, c/o Melissa Albright, Civil Process Clerk, Office of the United States Attorney, NW Loop 410, Suite 600, San Antonio, Texas, 78216.

## IV.  STATEMENT OF CLAIMS

3. Less than ninety days prior to the institution of this lawsuit, Charles I. Ikekwere received the Final Decision from the Equal Employment Opportunity Commission Office of Federal Operations authorizing him to file a civil action in federal district court alleging violations of Title VII and the Rehabilitation Act.  All conditions precedent to the institution of this lawsuit have been fulfilled.

4. Since on or about August 2009, through January 11, 2011, Defendant, Agency has engaged in unlawful employment practices at its Internal Revenue Service facility, Austin, Texas, in violation of Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a); and Section 501 of the Rehabilitation Act of 1973 ("The Act").  The unlawful practices under Title VII and the Act were to allow Plaintiff's supervisor and coworkers to make derogatory remarks about him on the basis of his race and color, Black, and his national origin, Nigerian, creating a hostile work environment; denying Plaintiff a level increase on the basis of his color and race, Black and national origin, Nigerian; denying Plaintiff a reasonable accommodation based on his disability; and terminating Plaintiff in retaliation for having complained of Defendant's discriminatory conduct.

5. Plaintiff was a Revenue Agent, GS-0512-09, at the time of his termination.  The Agency hired Plaintiff on June 22, 2009, at its Austin, Texas facility.  Plaintiff is Black, and hails from Nigeria.  Plaintiff began his training with the Agency on June 23, 2009.  Included in his training class were Anthony Allen (Black, African-American), and Jason Cowdin (White, American).  Plaintiff's supervisors were Michael Simmons from June 22, 2009 to August, 2009; Ken Shaw from September 2009 to September 28, 2010; and Debbie Doyle from September 29, 2010, until Plaintiff's termination on January 11, 2011.

3

Plaintiff had been previously diagnosed with major depression and panic disorder, and presented medical documentation of his disability to Debbie Williams, the on-the-job instructor (OJI), and Michael Simmons in late June or early July, 2009; and subsequently informed Ken Shaw on December 15, 2009. In December, 2009, Plaintiff requested a reasonable accommodation based on his disability and the December 4, 2009, letter from his treating physician requesting either a secluded area in which to perform his work; a set of headphones to suppress the noise, so Plaintiff could concentrate; and additional time to complete assignments. Kenneth Shaw denied the request for reasonable accommodation and required Plaintiff to produce additional medical documentation.

On February 18, 2010, the IRS building in which Plaintiff worked was hit by a small plane and Plaintiff's computer was destroyed along with all of his records. This incident exacerbated Plaintiff's condition and he had to seek medical treatment for his persistent nightmares and post traumatic stress disorder. On June 28, 2010, Plaintiff met with his supervisor Kenneth Shaw and Shaw offered Plaintiff a choice of resigning or being terminated. Plaintiff refused to resign from his job. On June 28, 2010, Shaw called Plaintiff in from a field audit to have him turn in his computer, case files, credit card and pocket commission.

Plaintiff immediately went to the EEO office to file a complaint on June 28, 2010, alleging discrimination based on race, national origin and disability. Plaintiff was advised to call Shaw's supervisor, Rosemary Flack; however, Plaintiff was unable to speak with her. Later that day, the EEO office informed Plaintiff that Ms. Flack had been contacted by the EEO office and Shaw's termination action had been suspended. Shaw called Plaintiff that same night and told Plaintiff that Plaintiff did not have to return the items requested and that the Agency was giving Plaintiff another chance.

4

On August 16, 2010, Plaintiff found out that his training classmates, Allen and Cowdin, received their grade increases; however, Plaintiff was denied his grade increase to GS-11. Plaintiff filed another EEO complaint in August 2010, based on his race, Black, national origin, Nigerian, and disability, mental/psychological, for the Agency's failure to promote him to GS-11. Subsequent to Plaintiff's second EEO complaint, on September 25, 2010, in a meeting with Acting Territory Manager Michael Simmons and Debbie Doyle, group manager, Plaintiff discussed his most recent EEO complaint. Plaintiff also discussed his most recent EEO complaint with Ken Shaw. On September 29, 2010, the Agency transferred Plaintiff from the group managed by Ken Shaw to Debbie Doyle's group. On that same day, Plaintiff states that Doyle transferred several of his fraud cases to a white male colleague, David Resis. Plaintiff also states that Doyle told him that if he had any questions on assigned tasks that the only person he could talk to was Sam Houston, a white male colleague, and not Anthony Allen, the only other Black man in the group. Additionally, in September, 2010, the EEO office directed that Plaintiff's reasonable accommodation request by granted and he was given a pair of Bose headphones to help suppress the noise around him, reduce distractions, and increase Plaintiff's ability to concentrate on his assigned tasks. Plaintiff states that this accommodation allowed him to complete more assigned tasks with fewer errors.

Plaintiff went on vacation to Nigeria from November 5 to November 18, 2010. On November 4, 2010, prior to his going on vacation, in the men's room, Sam Houston overheard Plaintiff and an Egyptian colleague discussing their travel plans to Africa. Houston commented to them both, "I hope you people are not going to an Al Qaeda camp!" and immediately walked out of the restroom. Plaintiff reported the comment to Doyle alleging racial and national origin harassment. Plaintiff did not file an EEO complaint on that issue at that time. Plaintiff was not aware of any

5

action taken by Doyle in response to his complaint.  Plaintiff returned to work on November 18, 2010, and between that date and December 18, 2010, Plaintiff completed all of his seven cases with no negative feedback.

On January 5, 2011, Doyle told Plaintiff to report to her office on January 6, 2011.  On January 6, 2011, Plaintiff reported to Doyle's office and found himself on a conference call with Micheal Simmons, Acting Territory Manager, and was informed that Plaintiff was not going to certain training in Memphis because of poor performance.  Simmons was not aware of Plaintiff's recent closing of seven cases and said he wanted to see the closed cases.  This meeting was to take place on January 11, 2011.  During that same meeting, Plaintiff could not contain himself and began to cry loudly, asking "Why are you doing this to me?"  Plaintiff's crying was loud enough to be heard by other employees.  On January 11, 2011, Doyle presented Plaintiff with a termination letter citing various performance problems as the basis for his termination, and also cited the "loud and unprofessional" manner in which he acted during the meeting on January 6, 2011.

Plaintiff believes that his termination is unlawful discrimination based on his race, Black, national origin, Nigerian, disability (mental/psychological) and reprisal for participating in prior EEO activity.  Plaintiff also states that he has been harassed on the same bases and that this harassment created a hostile work environment for him.

**EMPLOYMENT DISCRIMINATION UNDER TITLE VII**

6.      Plaintiff was denied the grade increase from GS-0512-09 to GS-0512-11, while a similarly situated white employee, Jason Cowdin was promoted.     Plaintiff claims that he was subjected to harassment based on his race, Black, and national origin, Nigerian because of the following incidents:  in August or early September 2009, his manager (Ken Shaw) handed him his

6


commission and said "Charles, here is your commission, I hope you do not use it to harass people on the street"; on September 23 or 24, 2009, his manager (Ken Shaw) asked "Charles, do you think you can do this job? Can you speak effectively to a lawyer? Can you speak effectively to a judge? Can you speak effectively to an Accountant?" In April 2010, his manager (Ken Shaw) said, "You are in America. If you want to work in America, you should learn how to speak and write American English." On June 28, 2010, he was told that he was being terminated [by Ken Shaw] and harassed to return IRS property; in November 2010, all of his job assignments were removed [by Debbie Doyle]; and on November 4, 2010, before going on vacation to Nigeria, Sam Houston told him "I hope you are not going to the 'Al Qaeda' camp."

Such comments by his supervisor and a coworker created a hostile work environment for Plaintiff based on his race and color, Black and his national origin, Nigerian.

Finally, Plaintiff alleges that he was terminated on the basis of his race and color, Black, and his national origin Nigerian.

Plaintiff claims that the actions taken by the Agency as described above constitute a violation of his rights under Title VII on the basis of his race and color, Black and his national origin, Nigerian.

**EMPLOYMENT DISCRIMINATION UNDER THE REHABILITATION ACT**

7. Plaintiff is a qualified individual with an actual disability under the Act, from the time he was diagnosed with severe depression in 2008 until he was separated from Agency in 2011.

Plaintiff requested a reasonable accommodation for his depression in the form of a quieter, more secluded area to work, so that he could concentrate better, but this was denied. Plaintiff made management aware of his disability as early as late June or early July, 2009.   In fact, Micheal

Simmons, acting Regional Manager, directed Plaintiff to the Reasonable Accommodation website in an email dated July 10, 2009.  In addition, Plaintiff's treating physician, Dr. Nirodi, sent a letter dated December 4, 2009, requesting a specific accommodation for Plaintiff.  Plaintiff filled out a Reasonable Accommodation Request form on December 15, 2009, soon after the December 4, 2009 letter was received.  Management cannot say they were unaware of either Plaintiff's disability or his request for a reasonable accommodation.

In this case, the Agency failed to follow its own policies on processing Plaintiff's request for a reasonable accommodation.  Ken Shaw and Michael Simmons were both aware of Plaintiff's disability and his request for reasonable accommodation as early as July 9, 2009.  However, management has represented that they were not aware until June 28, 2010.  This is a lie and goes to the pretextual nature of their refusal to enter into the interactive process with Plaintiff as mandated by the Act and by EEOC regulations, and the Agency's own policies.

Management's failure to follow through on Plaintiff's request for a reasonable accommodation was in blatant disregard of the Act and its protection of disabled employees.  The Act requires that an employer engage in an interactive process when an employee requests a reasonable accommodation; and the employer is required to further investigate the employee's medical condition and consult with the employee's physician on constructing a potential accommodation.  The Agency's failure to accommodate Plaintiff concerning his request for a quieter work place for a whole year probably contributed to the exacerbation of his condition, contributed to Plaintiff's initial lack of success in performing his job, and constitutes a violation of the Act.

Finally, Plaintiff was terminated when his disability manifested itself on January 6, 2011.  On that date, Plaintiff who has a documented condition of major depression and panic disorder, became

8

so upset that he cried out loud and made a supervisor in the next office knock on the wall to make sure everything was alright in Doyle's office. Simmons states that one of the reasons that Plaintiff was fired was because of his "outburst" on January 6, 2011. Basically, one of the reasons Plaintiff was fired was directly attributable to his disability. Plaintiff states that he started crying during the January 6, 2011, meeting, an obvious manifestation of his severe depression, and the Agency fired him because of it.

## RETALIATION UNDER TITLE VII AND THE REHABILITATION ACT

8. Plaintiff made his first complaint of discrimination as early as June 28, 2010, and was subsequently denied his grade increase. He filed another complaint in August, 2010, because of the denial of the grade increase, and was subsequently transferred to another group where he experienced additional discriminatory conduct by the group manager and his colleague. Doyle was notified on September 25, 2010, of Plaintiff's multiple EEO cases, and officially, notified in November, 2010. Plaintiff then complained to Doyle on December 3, 2010, about the comment made by Sam Houston. The next month, Plaintiff was terminated, although he can show he closed the majority of his cases, and that he closed all seven cases assigned to him prior to his termination.

Plaintiff alleges he was terminated in retaliation for having complained of discrimination under Title VII and the Rehabilitation Act of 1973, in violation of both those Acts.

## V.  DAMAGES

9. Due to the violations of Title VII and the Rehabilitation Act of 1973 as described above, Plaintiff seeks reinstatement to his former job as a GS-0512-09, Revenue Agent; promotion to GS-0512-11; compensatory damages for mental anguish, emotional distress, inconvenience, loss of enjoyment of life, and for the humiliation and embarrassment suffered as a result of the

discriminatory actions of the Agency;

10. Plaintiff seeks damages for lost wages for his termination from the Agency;

11. Plaintiff further seeks all attorney's fees and costs associated with this litigation as provided for by each Act stated above and under 42 U.S.C. §1988.

## VI.    JURY DEMAND

Plaintiff, Charles I. Ikekwere, asserts his rights under Title VII of the Civil Rights Act of 1964 as amended in 1991 and 42 U.S.C. §1983 and makes a demand for jury trial.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that the Defendant be cited to appear and answer herein and upon final hearing hereof, Plaintiff have judgment of and from the Defendant for all the damages in an amount in excess of the minimum jurisdictional limits of this Court, reasonable attorney's fees as allowed by statute, expenses and costs, together with costs of court, and pre-judgment and postjudgment interest at the highest legal rate.  Plaintiff further prays for any and all further relief to which he shows himself to be justly entitled, either at law or in equity.

Respectfully submitted,

FORTE & PITTARD, PLLC
1777 N.E. Loop 410, Suite 600
San Antonio, Texas 78217
Telephone:  (210) 678-3075
Telecopier: (210) 820-2609
Email: chrisp@forteandpittardlawfirm.com

By: _s/R. Chris Pittard
   R. CHRIS PITTARD
State Bar No. 00794465
ATTORNEYS FOR PLAINTIFF